UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALICE ESTLE,            Case No. 3:11-cv-149

    Plaintiff,

vs.

COMMISSIONER OF            District Judge Walter H. Rice
SOCIAL SECURITY,            Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT (1) PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DOC. 20) BE GRANTED; (2) PLAINTIFF'S COUNSEL BE AWARDED $11,340.72 IN ATTORNEY'S FEES; AND (3) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

On September 27, 2012, Judge Rice reversed the Commissioner's non-disability finding and remanded this case for the payment of benefits. Doc. 14. This case is back before the undersigned on a motion by Plaintiff's counsel for an award of attorney's fees under the Social Security Act.[2] Doc. 20. Plaintiff's counsel requests a 25% contingency fee award in the amount of $11,340.72. *Id*. at PageID 525.

In support of the motion, counsel attaches a contingency fee agreement executed by Plaintiff. Doc. 20-1 at PageID 528. Counsel also submits an itemized billing statement indicating that he spent 22.0 hours on this matter. *Id.* at PageID 545. The Commissioner, in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] 42 U.S.C. § 406(b) permits an award of attorney's fees for successful Disability Insurance Benefits ("DIB") claims under Title II of the Social Security Act. Supplemental Security Income ("SSI") benefits are awardable pursuant to Title XVI of the Social Security Act, which incorporates 42 U.S.C. § 406(b) by reference, and likewise permits the award of attorney's fees for successful SSI claims. *See* 42 U.S.C. § 1383(d)(2); *Napier v. Comm'r of Soc. Sec.*, 190 F. App'x 458, 459-60 (6th Cir. 2006). The same analysis applies in deciding motions for attorney's fees under both statutes. *See id.*

response, argues that the award sought -- $11,340.72 for twenty-two hours of work, or an hourly rate of $515.49 -- would constitute a windfall to Plaintiff's counsel.  Doc. 21 at PageID 547.  The Commissioner argues that the Court should reduce the amount to reflect a more reasonable rate of $360.00 per hour, for a total award of $7,920.00.  *Id.* at PageID 551.  In reply, Plaintiff's counsel attaches a number of cases from this Court approving attorney's fees in counsel's favor in circumstances similar to those presented here.  *See, e.g., Metz v. Comm'r of Soc. Sec.*, No. 3:11-cv-391, 2014 WL 1908512, at *2 (S.D. Ohio May 12, 2014); *Legge v. Colvin*, No. 3:09-cv-93, 2014 WL 6693811, at *1 (S.D. Ohio Nov. 26, 2014).  The undersigned has carefully considered each of the forgoing documents, and the fees motion is now ripe for decision.

## I.

In DIB and SSI cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal.  *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2).  However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal.  *Id*.  Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered.  *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id*.  A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a

2

windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

> As the Sixth Circuit explained:
>
>> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

As just noted, counsel's itemized billing statement sets forth a total of 22.0 hours representing Plaintiff before this Court. *See* doc. 20-1. Counsel's requested fee of $11,340.72, divided by the 22 hours spent working on the case, results in a hypothetical hourly rate of $515.49. With regard to counsel in this case, this Court has previously approved a hypothetical hourly rate of $780.25, while noting his 41 years of experience practicing law, with significant years of expertise in Social Security appeals. *Metz*, 2014 WL 1908512, at *2 n.4. In that case, the Court noted that "[P]laintiff's counsel's work resulted in a significant award of past-due benefits, [P]laintiff voluntarily entered into a contingency fee agreement, and there was no suggestion of impropriety regarding the agreement." *Id.* at *2. The same is true in this instance. Accordingly, and in light of counsel's extensive experience in these matters, the fee sought is reasonable and does not result in an undeserved windfall. *See id.*

## II.

Accordingly, the undersigned **RECOMMENDS THAT:**

1. Plaintiff's motion for attorney's fees under the Social Security Act (doc. 20) be **GRANTED**;

2. Plaintiff's counsel be **AWARDED** the requested sum of $11,340.72 in attorney's fees; and

3. As no further matters are pending for review, this case remains **TERMINATED** upon the Court's docket.

Date:  April 27, 2015                                     *s/ Michael J. Newman*
                                                          Michael J. Newman
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).